UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY KINTE JENKINS,

    Petitioner,

    v.       CAUSE NO.: 3:19-CV-325-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Rodney Kinte Jenkins, a prisoner without a lawyer, filed this habeas corpus challenge to the prison disciplinary hearing (ISP 18-12-0012) where he was found guilty of Attempted Trafficking in violation of Indiana Department of Correction offense A-111/113 on December 5, 2018, by a Disciplinary Hearing Officer (DHO) and punished with the loss of 150 Earned Credit Time and demoted from Credit Class 1 to Credit Class 2.

Jenkins argues he was denied due process because the DHO did not consider the letter Jenkins was accused of writing in an attempt to traffick. Jenkins appears to believe the letter was not considered because he was not given a copy of the letter before the hearing. However, a disciplinary hearing officer is "entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Moreover, the DHO noted on the Disciplinary Hearing Report that the letter was considered and a copy was eventually given to Jenkins because he attached it to the habeas petition. ECF 1-1 at 4, 5, 6, and 9.

Jenkins also argues he was denied due process because the DHO did not listen to a recording of his interview with internal affairs. Jenkins says he did not confess during the interview even though the written report says he did. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The lack of a confession would not undermine the reliability of the evidence pointing to his guilt. He pleaded not guilty and the DHO made no mention of a confession as a basis for finding him guilty.

Rather, Jenkins was found guilty because his numerically coded message said in part, "I know how to get in phones, etc. I need your help to do it." ECF 1-1 at 5.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, the evidence of his attempted trafficking was more than sufficient to find him guilty.

If Jenkins wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case

could not be taken in good faith. Nevertheless, if he files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by this court.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Rodney Kinte Jenkins leave to appeal in forma pauperis on appeal.

SO ORDERED on April 17, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT